IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LYDIA MERCEDES ROSARIO AND JOSE VAZQUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITOL TRANSPORTATION, INC.,<br><br>Defendant. | CIVIL NO. 10-1415 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

On May 5, 2010, above plaintiffs Lydia Mercedes Rosario and José Vázquez (hereinafter "plaintiffs Rosario and Vázquez"), employees of defendant Capitol Transportation, Inc. (hereafter "defendant Capitol"), filed a complaint under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. sec. 621 *et seq.*, the Constitution of the United States, and supplemental claims as to state laws of the Commonwealth Puerto Rico, that is, its state Constitution, Law No. 100 of June 30, 1959 and Law No. 115 of December 20, 1991, which are state anti-discrimination laws, as well as Law No. 80 of May 30, 1976, for severance rights, and a state tort under Article 1802 of the Puerto Rico Civil Code. (Docket No. 1). [1]

Defendant Capitol has filed a motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12 (b)(6). The request for partial dismissal is based on this federal court's lack of jurisdiction for the claims under Title VII, United States and Puerto Rico Constitutions, Article 1802 of the Puerto Rico Civil Code, for failure to state a cause of

---

[1] Law 100 of May 15, 1975, 29 L.P.R.A. §146 *et seq.* (Puerto Rico Anti-discrimination Law); and Law No. 80 of May 30, 1976, 29 L.P.R.A. §185 *et seq.* (Puerto Rico Unjust Termination Law).

<u>Lydia Mercedes Rosario, et al., v. Capitol Transportation Inc.</u>
Civil No. 10-1415 (CRV)
Opinion and Order
Page No. 2

---

action as to which a relief may be granted, and for there being a cognizable legal theory for punitive damages and attorney's fees. (Docket No.9). Plaintiffs Rosario and Vázquez filed their opposition and they have agreed to dismissal of these claims. (Docket No. 13).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) of the remaining claims as to age discrimination and supplemental state claims would herein require examination of pure (or nearly pure) questions of law.[2]

### MOTION TO DISMISS STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissal may be warranted for failure to state a claim upon which relief can be granted.[3]

To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." <u>Romero-Barceló v. Hernández-Agosto</u>, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988)). The

---

[2] For purposes of Rule 12(b) of the Fed.R.Civ.P., plaintiffs' factual allegations must be deemed as a true and accurate account of the facts in this case. <u>Cardona del Toro v. United States</u>, 791 F.Supp. 43, 45 (D.P.R.1992), *aff'd.*, 983 F.2d 1046 (1st Cir.1993) (*citing* <u>Berkovitz v. United States</u>, 486 U.S. 531, 540, 108 S.Ct. 1954, 1960 (1988)).

[3] Said rule provides:
    ... (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
        ....
    ... (6) failure to state a claim upon which relief can be granted ...

Court, need not accept a complaint's "'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

The Supreme Court most recent opinion changes the standard for a motion to dismiss so that plaintiff will now have to include more information in the pleadings if he/she wants to survive a 12(b)(6) motion. *See* Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).[4] The First Circuit has cited to this decision and has already noted this new standard in Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), copied in part below:

> At the outset, we note that even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). In so doing, the Court disavowed the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Twombly, 127 S. Ct. at 1969. The Court found that the "no set of facts" language, if taken literally, would impermissibly allow for the pleading of "a wholly conclusory statement of [a] claim," and that "after puzzling the profession [**8] for 50 [*96] years, this famous observation has earned its retirement." *Id.* at 1968, 1969.

Similarly under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the factual statements of the complaint are considered true, indulging every reasonable inference helpful to plaintiffs' cause. However, the tenet that a court must accept as true all the

---

[4] No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

allegations contained in a complaint is inapplicable to legal conclusions and mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937, 1949 (2009).

## LEGAL ANALYSIS

**A. Dismissal of Title VII of the Civil Rights Act; Punitive Damages under ADEA, the U.S. Constitution, the Constitution for the Commonwealth of Puerto Rico and Article 1802 of the Puerto Rico Civil Code.**

In their opposition, plaintiffs Rosario and Vázquez indicated they would not oppose the dismissal of above claims. Opposition was limited to the dismissal of state supplemental claims, to wit; Puerto Rico Law No. 100 and Puerto Rico Law No. 80. Thus, plaintiffs have acquiesced to the dismissal of the other claims requested by defendants as being appropriate. As such, the dismissal of the claim under Title VII of the Civil Rights Act because of discriminatory actions (*Complaint, Causes of Action 1, 7, pp. 5-6*), including the award of attorney's fees under Section 2000e-5(k) and punitive damages (*Id. V*), state and federal Constitution claims, and Article 1802 is warranted.

Accordingly, discussion hereafter will be limited to defendant's request for dismissal of plaintiffs' ADEA claim and above remaining pendent state claims under Law No. 100 and Law No. 80 of the Commonwealth of Puerto Rico.

**B. State Supplemental Claims**.

Defendant Capitol has requested dismissal of the state pendent claims asking the Court to refrain from exercising its supplemental jurisdiction over Law No. 100 and Law

No. 80. Insofar as Law No. 80, defendant Capitol avers, and plaintiffs have not opposed, that insofar as plaintiff Vázquez he is still an employee of Capitol and is reporting to work.

As to Law No. 100[5] and Law No. 80, defendant Capitol submits these state law provisions require a different burden of proof than the one under ADEA[6] which would probably confuse the jury. Such strong likelihood of confusion, as recognized in Ortiz Rivera v. Black & Decker, 1993 WL 52749 and Linares v. University of Puerto Rico, 722 F.Supp. 910, 912 (D. Puerto Rico 1989), should allow this court not to exercise jurisdiction over such pendent state claims.

Under Puerto Rico Law No. 100, *prima facie* case of age discrimination is established by demonstrating that plaintiff was actually or constructively discharged; alleging the employment decision was discriminatory. Once this minimal showing is made, the burden shifts to the employer to prove by preponderance of the evidence that it had just cause for its action. If the employer establishes just cause, then the burden of proof returns to the employee. However, if there is no just cause, the burden remains with the employer to

---

[5] Law No. 100 also bars employment discrimination because of race, color, gender, social or national origin, social position, political affiliation, political or religious ideology, and marital status. P.R. Laws Ann. Tit. 29, § 146.

[6] Defendant has not requested dismissal of ADEA claims filed by plaintiffs, for which there is no need to discuss the grounds of a *prima facie* case of age discrimination. See Hoffman v. Applicators Sales and Services, Inc., 439 F3d 9, 17 (1st Cir. 2006). Succinctly, plaintiffs have indicated being (1) at least 40 years old but less than 70, (2) otherwise qualified for the job, and (3) being discharged under circumstances giving rise to an inference of age discrimination. See Dávila v. Corp. de Puerto Rico para la Difusión Pública, 498 F.3d 9, 15 (1st Cir. 2007); Súarez v. Pueblo Intern., Inc., 229 F.3d 49, 53 (1st Cir. 2000); *see also* Stetson v. NYNEX Serv. Co., 995 F.2d 355, 359 (2d Cir.1993); Fisher v. Vassar College, 70 F.3d 1420 (2d Cir. 1995). The ADEA expressly protects individuals against age discrimination. Title 29, United States Code, Section 631(a) (Supp. V 1987) individuals who are at least 40 years of age are protected by the ADEA).

prove by preponderance the employment decision was not motivated by age discrimination. Baralt v. Nationwide Mut. Ins. Co., 251 F.3d 10 (1st Cir. 2001).

Under ADEA, a *prima facie* case is established if the employee shows being at least forty (40) years old; the job performance was meeting the employer's legitimate job expectations; was fired or suffered adverse employment action and the employer had a continuous need for the same services. Once established, the employer need only articulate a legitimate non-discriminatory reason for the employment decision to shift the burden back to the employee, who then needs to show by preponderance the employer's reason was but a pretext and the real reason was age-based animus.

Hence, under Law No. 100 the burden of proof is different than under ADEA since the latter imposes a standard less favorable to plaintiffs. As such, Law No. 100 offers a significantly more favorable standard to plaintiffs than does ADEA. However, failure to establish a right to recovery under Law No. 100 would necessarily entail a failure to prove age discrimination under ADEA, so defendant's arguments as to jury confusion could cut both ways. Cardona Jiménez v. Bancomercio de Puerto Rico, 174 F.3d 36, 42 (1st Cir. 1999).

Regardless of defendant Capitol's discussion of possible jury confusion, juries can follow the law and the instructions provided by the Court and be able to consider liability determinations. Ramos v. Davis & Geck, Inc., 167 F.3d 227 (1st Cir. 1999) (jury verdict rendered allowing Law No. 100 and refuting ADEA claims regardless of divergent liability determinations); Sánchez v. Puerto Rico Oil Co., 37 F.3d 712 (1st Cir. 1994) (jury awarded various compensation under Law No. 100 and ADEA and jury instructions were proper to

avoid award of backpay under Law No. 100 if such damages were awarded under ADEA). See also Alvarez-Fonseca v. Pepsi Cola of Puerto Rico Bottling Co., 152 F.3d 17, 27 (1st Cir. 1998) (while Law No. 100 and ADEA allocate burdens of proof in different ways, the burden of proof on the ultimate issue of discrimination remains with plaintiff in both causes of action).[7]

Furthermore, the Court of Appeals for the First Circuit has indicated that a district court had not abused its discretion in trying federal and Puerto Rico claims together in an age discrimination case upon considering it had carefully and correctly explained the burden of proof applicable to the statutes submitted to the jury for findings. The jury instructions were deemed sufficient to enable a jury to cope with the different burdens of proof and apply them correctly. Wildman v. Lerner Stores Corp., 771 F.2d 605, 609 (1st Cir. 1985).

Likewise, under Law No. 80, once a plaintiff has proven he was directly or constructively discharged, the burden shifts to the employer to prove the discharge was justified. 29 L.P.R.A. § 185k. As such, Law No. 100 presumption that dismissal was discriminatory depends on Law No. 80 presumption that dismissal was unjustified.

---

[7] The most important difference between Puerto Rico Law No. 100 and ADEA is that when the Law No. 100 presumption of discrimination has been triggered, it shifts not only the burden of production, but also the burden of persuasion, from employee to employer, and thus, to rebut Law No. 100 presumption, employer must prove, by preponderance, that challenged action was not motivated by discriminatory age animus. See González v. El Día, Inc., 304 F.3d 63, 73 n. 7 (1st Cir. 2002) (the merits of the age-discrimination claims asserted under ADEA and Law No. 100 are coterminous).

Lydia Mercedes Rosario, et al., v. Capitol Transportation Inc.
Civil No. 10-1415 (CRV)
Opinion and Order
Page No. 8

---

Pendent jurisdiction exists whenever there is a claim arising under the Constitution, the Laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute, but one constitutional case. The state claims must be linked to the federal claim by a "common nucleus of operative facts", and must be sufficiently substantial to confer federal court jurisdiction. United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966); Confederación Laborista De Puerto Rico v. Cervecería India, Inc., 607 F.Supp. 1077, 1081 (D. Puerto Rico 1985).[8]

In Gibbs, 383 U.S. at 726, the Supreme Court ruled a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *See* Martínez v. Colón, 54 F.3d 980, 990 (1st Cir. 1995).

The preferred approach is pragmatic and case-specific. Thus, in "an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the

---

[8] *See* Ponce Federal Bank v. The Vessel "Lady Abby", 980 F. Supp 56 (1st Cir. 1992) (Non-federal claim against a person not otherwise a party in a case is sufficiently related to an admiralty claim to permit assertion of pendent party jurisdiction if state law claim against additional party arises out of common nucleus of operative facts with admiralty claim and resolution of factually connected claims in single proceeding would further interests of conserving judicial resources and fairness to parties).

<u>Lydia Mercedes Rosario, et al., v. Capitol Transportation Inc.</u>
Civil No. 10-1415 (CRV)
Opinion and Order
Page No. 9

early demise of all foundational federal claims." <u>Rodríguez v. Doral Mortgage Corp</u>, 57 F.3d 1168, 1177 (1st Cir. 1995); <u>Roche v. John Hancock Mut. Life Ins. Co.</u>, 81 F.3d 249, 257 (1st Cir. 1996).

The exercise of pendent jurisdiction is discretionary. The federal claim under ADEA in this litigation and at this stage of the proceedings is very closely linked to the events and to the evidence to be presented as to plaintiffs' causes of action under pendent state law claims.[9] One must also take into consideration that under Puerto Rico Law No. 100, the standard for plaintiffs is more favorable than under ADEA. *See* <u>Cardona Jiménez v. Bancomercio de Puerto Rico</u>, 174 F.3d 36, 42 (1st Cir. 1999). Likewise, under Law No. 80 for payment of severance upon unjustified dismissal, absence good cause for dismissal, regardless of an establishment or not of discriminatory animus, may warrant relief.

Thus, upon an assessment of judicial economy and fairness to litigants, this Court will continue to exercise pendent jurisdiction at this juncture as to plaintiff's state law claims.[10]

**CONCLUSION**

In view of the foregoing, defendant Capitol's request for dismissal is GRANTED IN PART AND DENIED IN PART as follows:

---

[9] <u>Rodríguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995); see <u>Flowers v. Fiore</u>, 359 F.3d 24, 28 (1st Cir. 2004).

[10] Still, since Law No. 100, which is equivalent to federal ADEA, provides civil liability for age and/or sex, race, social or national origin, political or religious ideas, etc., discrimination actions, plaintiffs' claims may be subject to summary disposition absent any evidence that plaintiff Morales Laureano falls under the required protected age group, unless other kind of employment discrimination is duly asserted as to plaintiff Morales Laureano.

- Dismissal of plaintiffs' age discrimination claims is DENIED;.

- Dismissal of plaintiffs' pendent state claims is DENIED;

- Dismissal of claims filed under Title VII of the Civil Rights Act, including attorney's fees thereunder); punitive damages under ADEA, the U.S. Constitution and Constitution for the Commonwealth of Puerto Rico and Article 1802 of the Puerto Rico Civil Code (as acquiesced by plaintiff) is GRANTED.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 5th day of January of 2011.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE